LOVE, J.,
concurs and assigns Reasons.
hi respectfully concur in the result reached by the majority. However, I write separately because I do not find legal errors present, which warrant a de novo review of the record. I find that the manifestly erroneous or clearly wrong standard applies. Duplessis v. Tulane *832 Univ. Med. Ctr., 10-0267, p. 2 (La.App. 4 Cir. 8/25/10), 47 So.3d 992, 994.[1]
The workers’ compensation judge stated in her reasons for judgment that “[a]ll of the other courts which have made findings relating to permanent and total disability where the claimant is in substantial pain have also found that rehabilitation was impossible. There is no such finding in this case.” The workers’ compensation judge also remarked about Kerry Phillips’ IQ of 120. I find that the trial court committed manifest error in determining that Kerry Phillips is not permanently and totally disabled.
“[T]he workers’ compensation act is to be liberally construed in favor of coverage.” Duplessis, 10-0267, p. 9, 47 So.3d at 997. “As a general rule the testimony of a treating physician ... should be accorded greater weight than that of a physician who examines a patient only once or twice.” Id., 10-0267, p. 8, 47 So.3d at 997.
12Mr. Phillips testified that, after three surgeries that did not relieve the pain from his injuries, he takes Lyrica, Elavil, Ambien, Tramadol, Soma, muscle relaxers, Lorcet, and Percocet. Mr. Phillips also stated that wearing clothes causes him pain and that he cannot have sheets touching him while he is in bed due to pain. Desiring to attend school, Mr. Phillips attempted to use a laptop computer, but was unable to due to pain.
Mr. Phillips’ treating physician/neurologist, Dr. Maria Palmer, repeatedly noted in Mr. Phillips’ medical records that he suffered from “failed back syndrome” and a “progressive neurological condition.” Dr. Palmer also noted that Mr. Phillips’ leg weakness was increasing. In April 2010, Dr. Palmer noted that:
[t]he back and leg pain and progressive leg weakness have rendered him totally disabled. He is not expected to improve. If anything, he will most likely continue to have pain and more leg weakness due to active nerve loss [sic] will get worse.
Following an FCE in August 2010, which concluded that Mr. Phillips could work at a medium exertion level, the vocational case manager asked Dr. Palmer for her opinion of the findings in the FCE. Dr. Palmer stated that Mr. Phillips suffered from permanent severe radicular damage” and that Mr. Phillips was unable to work. Dr. Paul Hubbell, who implanted Mr. Phillips’ spinal cord stimulator, was also contacted by the vocational case manager and stated that he would defer to Dr. Palmer’s opinion as to whether Mr. Phillips was able to work. Additionally, Dr. Daniel Trahant, at the request of the City of New Orleans, stated that Mr. Phillips was “totally and permanently disabled for any and all types of gainful employment.”
It is undisputed from the record that Mr. Phillips suffers from severe pain. However, the overwhelming medical documents in evidence support that Mr. Phillips suffers from the physical conditions of lateral stenosis and weakening of |shis legs.[2] Therefore, I find Duplessis analogous, as examined by the majority, to the case sub judice. Due to the overwhelming evidence contained in the medical records of Drs. Palmer, Hubbell, and Trahant, I find that the trial court committed manifest error in finding that Mr. Phillips failed to prove by clear and convincing evidence that he was permanently and totally dis *833 abled and that he was eligible for rehabilitation. Therefore, like the majority, I would reverse and remand.

. While I was a dissenter in Duplessis, the evidence presented in the case sub judice is distinguishable from the evidence presented in Duplessis.

. Dr. Palmer’s medical records also note that Mr. Phillips has a history of diabetes mellitus.